OPINION
Appellant, Chester Properties, Inc., is appealing from the December 22, 2000 judgment entry of the Geauga County Court of Common Pleas granting the motions for summary judgment of appellees, Shell Oil Company ("Shell") and BP Exploration Oil, Inc. ("BP").
Appellant is the owner of property located in Chester Township ("the site"). Both appellees owned and operated gasoline filling stations on property adjacent to the site. On February 4, 1998, appellant filed a complaint alleging that the site had been contaminated as a direct result of appellees' negligence in the delivery, storage, and saleof gasoline.
BP filed a motion for summary judgment on October 5, 2000. On October 19, 2000, BP filed a second motion for summary judgment. Appellant filed a brief in opposition to BP's motion for summary judgment on October 24, 2000. BP filed a reply brief on November 2, 2000.
Shell filed a motion for summary judgment on October 23, 2000. Appellant filed a brief in opposition to Shell's motion for summary judgment on November 6, 2000. Shell filed a reply to appellant's brief on November 9, 2000.
Appellees' motions for summary judgment were granted on December 22, 2000. Appellant filed a motion for reconsideration on January 2, 2001.[1]
The motion was overruled in a January 17, 2001 judgment entry.
Appellant has filed a timely appeal and makes the following assignments of error:
 "[1.] The trial court erred in granting [appellees'] [m]otions for [s]ummary [j]udgment."
 "[2.] The trial court erred in considering [appellees'] [r]eply [b]riefs.
 "[3.] The trial court erred in considering the deposition excerpt of Thomas Grant.
 "[4.] The trial court erred in considering the uncertified letters from Attorney Robert Zulandt."
In its first assignment of error, appellant argues that the trial court erred in granting appellees' motions for summary judgment. We disagree.
The applicable statute of limitations in this case is four years as set forth in R.C. 2305.09. Harris v. Liston (1999), 86 Ohio St.3d 203, 207. Pursuant to the "discovery rule," which has been extended to negligence actions for damage to real property, the statute begins to run when the damage is first discovered or should have been discovered through the exercise of reasonable diligence. Id.
At the heart of appellant's complaint, which was filed on February 4, 1998, is the assertion that the site had been contaminated as the result of appellees' negligence. On June 28, 1993, more than four years prior to the filing of the complaint, appellant's attorney, acting on behalf of appellant, sent a letter to Denny Lehman, the area risk manager for BP Oil Company ("the June 28 letter"). In that letter, appellant's attorney asserted that:
 "[f]or several years my client has been experiencing problems on [the site] with the use of the adjoining property which is owned by your company * * *. Oil fumes are constantly coming into the building, which not only inconveniences the occupants of the building, but is dangerous. Further, * * * last year we had difficulty with the Ohio EPA over the potability of water from my client's well. It appears it had become contaminated from oil and its by-products. * * * Since B.P. has a gas station and tanks next door, we can only look to your company as the cause of our problem.
 "* * * My client has attempted to sell [the site] on several occasions, but has found it impossible due to the existing problems with the fumes and water problems. * * *"
Based on the contents of the June 28 letter, we conclude that appellant was on notice as to the possible contamination of the site on or before June 28, 1993. Pursuant to the discovery rule, the four-year statute of limitations began to run at that time. Therefore, appellant's February 4, 1998 complaint was filed after the statute of limitations had expired, and the trial court properly granted appellees' motions for summary judgment because there was no genuine issue as to any material fact. We would further note that appellant has not taken issue with the substance of the June 28 letter, nor has he challenged its authenticity.
Appellant relies on the fact that its president, Thomas Grant ("Grant"), swore, in an affidavit, that he did not become aware of the possibility that the site had been contaminated until September 1997. However, whether Grant knew that the site was contaminated prior to 1997, was not sufficient to create a factual question to allow appellant to survive a summary judgment exercise if other agents of appellant were aware of the contamination in 1993. The June 28 letter was prepared by appellant's attorney in 1993. Ohio courts have long held that "`* * * notice to an agent is notice to his principal and applies to the relation of attorney and client, and an attorney's notice or knowledge of facts affecting the rights of his client will be considered notice to the latter.'" Begue v. Henson (June 7, 1995), Summit App. No. 16975, unreported, 1995 WL 338427, at 1, quoting American Export Inland CoalCorp. v. Matthew Addy Co. (1925), 112 Ohio St. 186, paragraph two of the syllabus. Therefore, based on the contents of the June 28 letter, regardless of when Grant realized that the site was polluted, appellant knew or should have known that it was polluted in June of 1993. Grant's affidavit, therefore, does not contradict the June 28 letter and does not create a material issue of fact. For the foregoing reasons, appellant's first assignment of error is not well-taken.
Appellant contends, in its second assignment of error, that because the trial court did not grant appellees leave to file briefs in reply to appellant's motion in opposition to appellees' motions for summary judgment, appellees' reply briefs should not have been considered by the trial court. We disagree.
BP and Shell filed their reply briefs on November 2 and 9, 2000, respectively. The trial court did not rule on the motions for summary judgment until December 22, 2000. During that time, appellant never objected to the filing of the reply briefs. The rule is well-established that an appellate court need not consider an error at the trial court level, if the complaining party failed to call the trial court's attention to the error at a time when it could have been corrected.Natl. City Bank v. Gladin (1995), 102 Ohio App.3d 119, 122, citing Statev. Williams (1977), 51 Ohio St.2d 112, paragraph one of the syllabus. In the case sub judice, appellant had abundant time to object to the filing of reply briefs. He chose not to do so and thereby waived any error. Hence, appellant's second assignment of error is not well-taken.
In his third and fourth assignments of error, appellant asserts that excerpts from the deposition of Grant and letters from appellant's attorney were improperly considered by the trial court. Appellant contends that the Grant deposition excerpts were not submitted to the witness for review and that the letters from appellant's attorney were not authenticated. Once again, these are issues that should have been raised with the trial court. By failing to object below, appellant has waived any error. Id.
While our standard of review on a motion for summary judgment is denovo, that "* * * means that the court of appeals independently reviews the record and affords no deference to the trial court's decision. * * * The de novo appellate review does not supersede our settled practice of not addressing issues raised for the first time on appeal." (Citations omitted.) BP Communications Alaska, Inc. v. Cent. Collection Agency
(Mar. 9, 2000), Cuyahoga App. No. 75788, unreported, 2000 WL 263395, at 3. The issues that appellant raises in the instant case on appeal in his third and fourth assignments of error, on the nature of the trial court record, should have been raised below. The de novo standard of review does not permit this court to exclude from its appellate review evidence that was legitimately before the trial court, and in the absence of any objection on the part of appellant, the reply briefs, the deposition excerpts, and the letters from appellant's attorney were legitimately before the trial court.
For the foregoing reasons, appellant's third and fourth assignments of error are not well-taken.
The judgment of the Geauga County Court of Common Pleas is affirmed.
CHRISTLEY, J., concurs.
GRENDELL, J., dissents with Dissenting Opinion.
[1] BP contends that appellant should have sought clarification of the trial court's judgment entry by means of a motion for findings of fact and conclusions of law pursuant to Civ.R. 52. This contention is misguided. A trial court need not state findings of fact and conclusions of law when it has rendered summary judgment pursuant to Civ.R. 56.Foremost Ins. Co. v. Gimbel Agency, Inc. (Aug. 29, 1997), Portage App. No. 96-P-0203, unreported, 1997 WL 585941, at 2.