DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Jay Henthorne, Jr., appeals from the judgment of the Wayne County Court of Common Pleas granting summary judgment in favor of Appellees, First Church of Christ Scientist, Smith Grocery, Inc., and the Cleveland Clinic. We affirm.
 I. {¶ 2} Appellant's property is bordered by the properties owned by Appellees. In his complaint, Appellant alleged that "[b]eginning in approximately 1981 and continuing to date, there has been an observable ongoing declining tree health and tree mortality" on his property. Appellant alleged that this damage was caused by Appellees altering the conditions of their properties. Appellant claimed that new construction, alteration of spouting, and failure to control storm water run-off by Appellees damaged his property. Appellant filed his complaint on December 24, 2002 seeking monetary damages for the loss of his trees. Subsequently, the trial court required Appellant to add his wife, Mary Beth Henthorne, to the suit as she is a joint owner of the property.
 {¶ 3} On December 19, 2003, all three Appellees filed separate motions for summary judgment. Subsequently, Appellant filed motions in opposition to the motions for summary judgment. On March 2, 2004, the trial court granted Appellees' motions for summary judgment finding that Appellant's claim for damages was barred by the applicable statute of limitations. Appellant timely appealed, raising one assignment of error.
 II. ASSIGNMENT OF ERROR
"The trial judge committed error and abused his discretion in granting [appellees'] motion(s) for summary judgment[.]"
 {¶ 4} In his sole assignment of error, Appellant contends that the trial court erred in granting summary judgment and dismissing his complaint. We disagree.
 {¶ 5} We begin our analysis by noting that this Court reviews an award of summary judgment de novo. Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co.
(1983), 13 Ohio App.3d 7, 12.
 {¶ 6} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 7} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the nonmoving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 8} Appellant has claimed that acts done by Appellees have resulted in harm to his property. That is, Appellees negligently caused water to accumulate on Appellant's property. Therefore, Appellant's claims are governed by R.C. 2305.09(D), which sets forth general limitations periods for tort actions that are not specifically governed by statute. See Harris v. Liston (1999),86 Ohio St.3d 203, 205. Further, the Ohio Supreme Court inHarris applied the discovery rule to this type of action. Id. at 206. The Court stated that the period of limitations "commences to run when [damage] is first discovered, or [when] through the exercise of reasonable diligence [damage] should have been discovered[.]" Id. at 207. In their motions for summary judgment, each Appellee claimed that Appellant failed to bring his claim within the applicable statute of limitations.
 {¶ 9} In support of their motion for summary judgment, Smith Grocery utilized the depositions of both tree experts hired by Appellant, the depositions of Appellant and his wife, and the allegations in the original complaint. In his report, tree expert James McClenahen noted that Appellant had observed declining tree health and tree mortality for over a decade. Additionally, tree expert Daniel Houston testified at his deposition that there has been observable tree mortality and declining health on Appellant's property for over a decade. Further, Appellant's wife Mary Beth Henthorne, joint owner of the property, testified that she was aware of the water runoff and the damage to the trees for more than ten years. Finally, Appellee Smith Grocery cited Appellant's own complaint in its motion for summary judgment. Appellant's complaint stated as follows:
"Beginning in approximately 1981 and continuing to date, there has been an observable ongoing declining tree health and tree mortality within portions of the wooded eastern most area of the Plaintiff's property which property is adjacent to and directly west of the property of various landowners including that of the Defendants."
 {¶ 10} In its motion for summary judgment, the Cleveland Clinic likewise cited the depositions of Mary Beth Henthorne and Daniel Houston. Finally, the First Church of Christ Scientist used Mary Beth Henthorne's deposition, and the statement of Jay Henthorne made to his expert, which was incorporated into the expert's report, to support its motion for summary judgment.
 {¶ 11} We find that these motions and their supporting evidentiary materials met the initial Dresher burden of establishing the absence of a genuine issue of material fact.Dresher, 75 Ohio St.3d at 292-93 Therefore, the burden was shifted to Appellant to offer specific facts that demonstrate a genuine issue for trial. Id. at 293.
 {¶ 12} In his response to the motions for summary judgment, Appellant cites only one portion of Appellant's own deposition in an attempt to demonstrate a genuine issue of material fact. In response to when Appellant noticed the deteriorating condition his trees, he responded, "I said three or four years. Maybe it was four or five years, but they started to fall dramatically and I took notice then."
 {¶ 13} Appellant's argument that he did not actually discover damage until 1999 is to no avail. Accepting that Appellant actually discovered the damage to his trees within four years of his complaint provides no basis for denying the grant of summary judgment. The Ohio Supreme Court in Harris made clear that actual discovery is not necessary to commence the limitations period. Harris, 86 Ohio St.3d at 207. The discovery rule inHarris only delays the commencement of the limitations period until actual discovery or when discovery would have occurred had the plaintiff exercised reasonable diligence. Id.
 {¶ 14} In the instant case, Appellant was aware of standing water on his property for well over a decade. In fact, his complaint notes problems with standing water dating as far back as 1981. At that time, the Cleveland Clinic did not even own the land adjacent to Appellant's property. Further, Appellant has provided no evidence that he was incapable of investigating the standing water problem promptly after its discovery. Had Appellant exercised reasonable diligence, he would have discovered damage to his trees well outside the applicable four-year statute of limitations. As such, reasonable minds could only conclude that Appellant's complaint was barred by the statute of limitations. Accordingly, Appellant's sole assignment of error is overruled.
 III. {¶ 15} Appellant's sole assignment of error is overruled, and the judgment of the WayneCounty Court of Common Pleas is affirmed.[1]
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Exceptions.
Slaby, P.J., and Batchelder, J. Concur.
[1] Due to our disposition of Appellant's assignment of error, we decline to reconsider Appellee's motion to dismiss this appeal.