DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Plaintiff/Appellants Bruce and Deborah Finn ("Finns") appeal the decision of the Summit County Court of Common Pleas granting summary judgment to Defendant/Appellee, Great Northern Insurance Co. ("Great Northern"). We affirm.
 {¶ 2} The Finns owned a homeowners insurance policy issued by Great Northern for their property located at 2635 Yellow Creek Road in Akron, Ohio ("Property"). On October 24, 2006, the Finns filed a complaint against Great Northern for negligence, misrepresentation, breach of fiduciary duty, and bad *Page 2 
faith, based on the alleged failure of Great Northern to properly investigate damage to the Property in June of 1999, prior to denying the Finns coverage for said damage.
 {¶ 3} On July 24, 2007, the trial court granted summary judgment to Great Northern finding that the Finns' claims were barred by the statute of limitations ("Judgment Entry"). The Finns timely appealed the Judgment Entry and raise one assignment of error.
 Assignment of Error "The trial court erred in granting summary judgment in favor of Great Northern Insurance Company."
 {¶ 4} The Finns assert that the trial court erred in granting summary judgment to Great Northern based on the statute of limitations. The Finns argue that the applicable statute of limitations is four years for the Finns' tort claims based on R.C. § 2305.09(D). The Finns maintain that although the damage to their Property occurred in 1999, the statute of limitations period did not begin to run until they discovered that Great Northern had improperly failed to investigate the cause of the 1999 damage to their Property. The Finns assert that they did not discover Great Northern's conduct until they retained an expert in 2005, as part of a declaratory judgment action against Great Northern subsequent to Great *Page 3 
Northern's denial of coverage for additional and similar damage that occurred to the Property in 2003.[1]
 {¶ 5} The Finns encourage us to hold that the accrual date of their claims is not statutorily defined by R.C. 2305.09. Accordingly, the Finns maintain that it is a question of fact as to when their claims against Great Northern accrued. The Finns argue that the discovery rule should apply so that the finder of fact would conclude that the Finns' claims did not accrue until they discovered the wrongful conduct of Great Northern on September 23, 2005, the date they received their expert report. The Finns maintain that the 2005 expert report opined as to a different cause of the 1999 loss, thereby putting them on notice that something was amiss with Great Northern's investigation of their 1999 claim. Only then, the Finns assert, did they discover that the structural engineer hired by Great Northern to investigate their 1999 claim only gave a qualified opinion to Great Northern as to the cause of the 1999 damage to the Property and that the engineer recommended that a qualified soils engineer be hired to determine the exact cause, information which was never revealed to the Finns. The Finns assert that Great Northern made material misrepresentations, acted negligently, breached its fiduciary duty, and acted in bad faith when it (1) failed to advise the Finns that the *Page 4 
cause of the damage could not be precisely determined; and (2) failed to either hire a soil engineer or notify the Finns that such a recommendation was made by Great Northern's expert. The Finns argue that had they been so notified, they could have engaged an expert and repaired the problem, thereby preventing the 2003 damage to the Property.
 {¶ 6} Great Northern argues first that a one-year statute of limitations should apply for actions brought pursuant to a contract or at the longest, a two-year statute of limitations as provided in the policy contract. Great Northern argues that the discovery rule does not toll the statute because it had no duty to advise the Finns of the exact cause of the 1999 damage once Great Northern's expert opined as to the possible cause, thereby triggering an exclusion under the policy. Great Northern asserts that the damage would not have been covered by the Finns' policy even if they used the Finns' expert's opinion as to the cause of the damage. Moreover, Great Northern argues that problems with the Property began in 1984 when the Finns began the first of three major expansions to the Property. Great Northern maintains that the Finns were at all times on notice of the problems that caused the 1999 and 2003 damage as they utilized many experts during the various construction projects, including the same expert that provided the opinion that formed the basis of the instant lawsuit (David Timmerman). Great Northern further asserts that the 1999 and 2003 claims were substantially the same and the latter damage was caused, in part, by the Finns' failure to repair a *Page 5 
leaky sewer, for which they were paid $16,400.00 in 2000 in a partial payment of the 1999 damage claim.
 {¶ 7} Pursuant to Civ. R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 8} The party moving for summary judgment bears the initial burden of providing the trial court the basis for the motion and pointing the court to the portions of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280,292-93. The moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. "[T]he non-moving party may not rest upon the mere allegations and denials in the pleadings," but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact.Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 9} The Finns' complaint asserts four tort claims, which the Finns maintain are subject to a four-year statute of limitations pursuant to R.C. 2305.09(D), which states: "An action for any of the following causes shall be *Page 6 
brought within four years after the cause thereof accrued: * * * (D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 1304.35, 2305.10 to 2305.12, and 2305.14 of the Revised Code[.]"
 {¶ 10} The trial court found that the Finns' claims accrued in 1999, and that the four-year statute of limitations had run by the time the Finns filed the instant lawsuit on October 24, 2006. As to the application of the discovery rule, which is the crux of this appeal, the trial court found, citing Harris v. Liston (1999), 86 Ohio St.3d 203,205-206:
 "The Ohio Supreme Court has extended the discovery rule to actions alleging damage to real property, and the effect of the rule is to delay the commencement of the statute of limitations until `it is first discovered, or through the exercise of reasonable diligence it should have been discovered, that there is damage to the property.' [Harris] at 207 (emphasis added). In the present case, the [Finns] were well aware of the damages to their Property in 1999, or 2000 at the latest. Their `discovery' of [Great Northern's] alleged negligent investigation of the damages does not operate to toll the statute of limitations in this case. [The Finns] were on notice of the damages in 1999. They should have inquired further into the matter at that time."
 {¶ 11} We agree with the trial court. In Henthorne v. First Churchof Christ Scientist, 9th Dist. No. 04CA0026, 2004-Ohio-4872, we dismissed a plaintiffs claim that summary judgment based on the running of the four-year statute of limitations set forth in R.C. 2305.09(D) was erroneous because plaintiff did not discover the harm until a later date. We held:
 "Appellant's argument that he did not actually discover damage until 1999 is to no avail. Accepting that Appellant actually discovered the damage to his trees within four years of his complaint provides no *Page 7 
basis for denying the grant of summary judgment. The Ohio Supreme Court in Harris made clear that actual discovery is not necessary to commence the limitations period. Harris, 86 Ohio St.3d at 207, 714 N.E.2d 377. The discovery rule in Harris only delays the commencement of the limitations period until actual discovery or when discovery would have occurred had the plaintiff exercised reasonable diligence. Id.
 "In the instant case, Appellant was aware of standing water on his property for well over a decade. * * * Further, Appellant has provided no evidence that he was incapable of investigating the standing water problem promptly after its discovery. Had Appellant exercised reasonable diligence, he would have discovered [the] damage[.] * * * As such, reasonable minds could only conclude that Appellant's complaint was barred by the statute of limitations." Henthorne at ¶ 13-14. (Emphasis sic).
 {¶ 12} Here, the Finns acknowledge that they knew of the damage to the Property in 1999. Despite this, the Finns assert that they did not discover Great Northern's failure to fully investigate their 1999 claim and inform them of the true cause of the damage until 2005. The Finns maintain that had they been informed by Great Northern that the full cause of the damage to the Property could not be determined without hiring a geotechnical engineer, they would have hired that engineer, followed his or her advice, and prevented further damage to their Property.
 {¶ 13} While it may be true that it would have been helpful to the Finns if Great Northern would have told them that the full cause of the damage could not be determined, the Finns have cited no authority for such a duty. Moreover, even assuming that Great Northern had duty to engage experts to find a definitive cause of the damage or advise the Finns to do so, the Finns have not cited any authority *Page 8 
to support the proposition that the statute of limitations should toll until the Finns knew the true cause of the damages.[2] The Finns should have exercised reasonable diligence to determine the cause of the damages so as to protect their Property from further damage. SeeHenthorne at ¶ 14.
 {¶ 14} We agree with the trial court that there is no genuine issue of material fact that the Property was damaged in 1999. We further hold that there is no genuine issue of material fact that the Finns were put on notice of a main cause of that damage in 1999. Great Northern's coverage denial letter, dated May 30, 2000, states that it is Great Northern's opinion that the damage is based on the dropping of the wall footings due to the weight of the dwelling and "the result of ongoing consolidation of the fill material below the footings, settlement, and/or the effects of seasonal earth movements."
 {¶ 15} The Finns' expert, David Timmerman, opined in September 2005, that the damage to the Property was caused by "a combination of fill soils below the foundations in the northern and northeastern region of the structure, and a general slope failure of the site." Timmerman went on to note the "depth and exact location of this slope failure could not be determined from the test boring *Page 9 
data, * * * [but that] damage to the structure will continue as settlement and sliding occur." Timmerman finally noted that "[t]his movement appears to be very slow, and is probably not the primary cause of the most severe structural problems." Thus, the only possible additional cause of damage cited by Timmerman, the slope failure, was not the cause of the most severe structural problem. The Finns were put on notice as to the primary cause of the damage, i.e., the problems with the fill level and earth movement in 1999, and have cited no authority that would relieve them of their duty to exercise reasonable due diligence to make sure no further damage occurred to their Property.
 {¶ 16} Accordingly, the trial court properly held that the Finns' complaint was time-barred by the statute of limitations and properly granted summary judgment in favor of Great Northern.
 {¶ 17} The Finns' assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment Affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into *Page 10 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
LYNN C. SLABY FOR THE COURT
MOORE, J. CONCURS
[1] The declaratory judgment action was later dismissed and the instant lawsuit filed.
[2] We note that the Finns are not arguing that either the 1999 or 2003 damage should have been covered under the policy. Instead the Finns are arguing that Great Northern had a duty to determine with 100% certainty the cause of the damage for which there was no coverage and/or advise the Finns that they could not state the cause with certainty.