[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 203.]

HARRIS ET AL., APPELLEES, *v.* LISTON ET AL.; JACKSON ROAD COMPANY, APPELLANT.

[Cite as *Harris v. Liston*, 1999-Ohio-159.]

*Torts—Injury or damage to real property—Four-year statute of limitations set forth in R.C. 2305.09(D) applicable—Negligence action against developer-vendor of real property for damage to the real property accrues and four-year statute of limitations of R.C. 2305.09(D) commences to run, when.*

1.    Tort actions for injury or damage to real property are subject to the four-year statute of limitations set forth in R.C. 2305.09(D). (*NCR Corp. v. U.S. Mineral Products Co.* [1995], 72 Ohio St.3d 269, 649 N.E.2d 175, construed and followed.)

2.    A negligence action against a developer-vendor of real property for damage to the property accrues and the four-year statute of limitations of R.C. 2305.09(D) commences to run when it is first discovered, or through the exercise of reasonable diligence it should have been discovered, that there is damage to the property.

(No. 98-1338—Submitted May 26, 1999—Decided August 25, 1999.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 72244.

---

{¶ 1} This appeal arises from the purchase of a home located at 55 East Juniper Lane, Moreland Hills, Ohio.  In 1984, appellant Jackson Road Company ("Jackson") conveyed Sublot 3 in Jackson Road Subdivision No. 1 (now 55 East Juniper Lane) to Kenneth J. Fisher.  At the time of the conveyance, the lot was undeveloped except for the construction and paving of East Juniper Lane and the construction of utility lines and sewer and water mains in the subdivision.  The development work had been completed by independent contractors for Jackson, and it had been inspected and approved by the appropriate Moreland Hills agents.

{¶ 2} The lot was eventually purchased by Elaine Liston.  In 1985, Elaine and her husband constructed an approximately six-thousand-square-foot home on the lot.  From the time the Listons moved into the home in 1985 they were aware that a "water situation" existed on the property.  Drainage tiles were installed by the Listons, and, during certain times of the year, there was standing water on the real property.

{¶ 3} Thereafter, in 1992, appellees Dr. Frederick D. Harris and his wife, Bernice, purchased the home.  After purchasing the home, appellees became aware of the standing-water problem, and they also noticed that numerous problems existed with the home itself.  According to Dr. Harris, prior to the purchase, he had viewed the yard when it was snow-covered, and, consequently, he had not been aware, nor had he been informed, that water problems existed.  In a letter dated August 12, 1992, Dr. Harris notified the Listons of the problems associated with the home and the yard, and he requested that they contact him for a "mutual and amicable resolution."  In a written response, Elaine discussed the problems outlined by Dr. Harris and stated that they were not her responsibility.

{¶ 4} On October 28, 1993, appellees filed a complaint in the Cuyahoga County Court of Common Pleas, naming as defendants the Listons, Jackson, and others.  The

claims against Jackson were predicated on negligence. Appellees claimed that Jackson had been negligent in failing to design and construct an adequate water-management system for the subdivision and that Jackson's negligence had created a nuisance.

{¶ 5} Subsequently, appellees entered into settlement agreements with, and/or dismissed claims against, many of the defendants. Also, on November 20, 1996, the trial court, without explanation, granted summary judgment in favor of Jackson and others. The case then proceeded to trial against the Listons.

{¶ 6} The jury returned a verdict in favor of appellees for breach of contract and for fraud. Thereafter, with respect to the finding of fraud, the trial court granted a motion by the Listons for judgment notwithstanding the verdict. The court ultimately entered judgment in favor of appellees and against the Listons in the amount of $319,000 plus costs.

{¶ 7} Appellees appealed to the Eighth District Court of Appeals, claiming that the trial court erred in granting the Listons' motion for judgment notwithstanding the verdict and that the court erred in granting summary judgment in favor of Jackson. In addition, the Listons filed a cross-appeal. Subsequently, appellees and the Listons entered into a settlement agreement. Thus, the only issue before the court of appeals was whether the trial court erred in granting summary judgment in favor of Jackson.

{¶ 8} The court of appeals affirmed the judgment of the trial court in part, reversed it in part, and remanded the cause for further proceedings. Specifically, the court of appeals held that appellees' negligence claims against Jackson had been timely filed within the four-year statute of limitations period set forth in R.C. 2305.09(D) and that genuine issues of material fact existed with respect to "whether the design and implementation of the subdivision's excess water management system [were] inadequate, whether that system, or lack of it, proximately caused the problem complained of, and whether the annoyance and inconvenience of the accumulated water in the Harrises' backyard after a heavy rain or snow melt [are] of such a magnitude as to constitute a nuisance."

{¶ 9} The cause is now before this court upon the allowance of a discretionary appeal.

---

*Linton & Hirshman* and *Robert F. Linton*, *Jr.; Janis L. Small*, for appellees.

*Weston*, *Hurd*, *Fallon*, *Paisley & Howley*, *L.L.P.*, *Forrest Norman III* and *William H. Baughman*, *Jr.*, for appellant.

---

**DOUGLAS, J.**

{¶ 10} Appellees' negligence claims against Jackson are governed by R.C. 2305.09(D), which sets forth a general limitations period for tort actions not specifically covered by other statutory sections. Specifically, R.C. 2305.09(D) requires that claims predicated on damage to real property "be brought within four years after the cause thereof accrued." See *Velotta v. Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St.2d 376, 23 O.O.3d 346, 433 N.E.2d 147, paragraph one of the syllabus; and *NCR Corp. v. U.S. Mineral Products Co.* (1995), 72 Ohio St.3d 269, 271, 649 N.E.2d 175, 176-177, citing *Sun Refining*

2

*& Marketing Co. v. Crosby Valve & Gage Co.* (1994), 68 Ohio St.3d 397, 627 N.E.2d 552.

{¶ 11} The court of appeals concluded that appellees' negligence claims against Jackson accrued after appellees took possession of the residence in 1992 and discovered the latent damage to the real property. Therefore, the court of appeals held that because appellees filed their lawsuit in 1993, the suit was brought "well within the four-year statute of limitations."

{¶ 12} Appellees agree with the conclusions reached by the court of appeals and propose that negligence claims predicated on injury or damage to real property accrue "when *the individual plaintiff* suffers an injury, not some other individual." (Emphasis *sic*.) Jackson, on the other hand, suggests that it is the injury or damage to the real property itself that is the defining event that triggers the running of the statute of limitations. In this regard, Jackson asserts that, because known water problems existed on the property as early as 1985, and because the lawsuit was not commenced by appellees until 1993, the four-year statute of limitations in R.C. 2305.09(D) acts as a bar to appellees' claims.

{¶ 13} Generally, a cause of action accrues at the time the wrongful act is committed. *O'Stricker v. Jim Walter Corp.* (1983), 4 Ohio St.3d 84, 87, 4 OBR 335, 337, 447 N.E.2d 727, 730; and *Collins v. Sotka* (1998), 81 Ohio St.3d 506, 507, 692 N.E.2d 581, 582, citing *Kunz v. Buckeye Union Ins. Co*. (1982), 1 Ohio St.3d 79, 1 OBR 117, 437 N.E.2d 1194. However, in situations where the wrongful act does not immediately result in injury or damage, strict application of the general rule can lead to an unjust result. Thus, to provide for a more equitable solution, this court, in accordance with its judicial authority, see *O'Stricker v. Jim Walter Corp.*, paragraph one of the syllabus,[1] has applied a discovery rule in numerous situations. See, also, *Collins v. Sotka*, 81 Ohio St.3d at 510, 692 N.E.2d at 584 (discovery rule adopted "to prevent inequities that occur when a statute of limitations is rigidly followed").

{¶ 14} In *Melnyk v. Cleveland Clinic* (1972), 32 Ohio St.2d 198, 61 O.O.2d 430, 290 N.E.2d 916, this court established a discovery rule for medical malpractice claims. See, also, *Oliver v. Kaiser Community Health Found*. (1983), 5 Ohio St.3d 111, 5 OBR 247, 449 N.E.2d 438; *Frysinger v. Leech* (1987), 32 Ohio St.3d 38, 512 N.E.2d 337; *Hershberger v. Akron City Hosp*. (1987), 34 Ohio St.3d 1, 516 N.E.2d 204; and *Allenius v. Thomas* (1989), 42 Ohio St.3d 131, 538 N.E.2d 93. Additionally, in *Skidmore & Hall v. Rottman* (1983), 5 Ohio St.3d 210, 5 OBR 453, 450 N.E.2d 684; *Omni-Food & Fashion, Inc. v. Smith* (1988), 38 Ohio St.3d 385, 528 N.E.2d 941; and *Zimmie v. Calfee, Halter & Griswold* (1989), 43 Ohio St.3d 54, 538 N.E.2d 398, a discovery rule has been applied to legal malpractice actions.

{¶ 15} Further, this court has adopted a discovery rule in several other situations. See, *e.g.*, *Burr v. Stark Cty. Bd. of Commrs*. (1986), 23 Ohio St.3d 69, 23 OBR 200, 491 N.E.2d 1101 (wrongful adoption); *Investors REIT One v. Jacobs* (1989), 46 Ohio St.3d 176, 546 N.E.2d 206 (fraud or conversion); *Burgess v. Eli Lilly & Co*. (1993), 66 Ohio

---

1. In *O'Stricker v. Jim Walter Corp.* (1983), 4 Ohio St.3d 84, 4 OBR 335, 447 N.E.2d 727, paragraph one of the syllabus, we held, "Absent legislative definition, it is left to the judiciary to determine when a cause 'arose' for purposes of statutes of limitations."

3

St.3d 59, 609 N.E.2d 140 (DES-related claims); *Browning v. Burt* (1993), 66 Ohio St.3d 544, 613 N.E.2d 993 (negligent credentialing of a physician); *O'Stricker v. Jim Walter Corp.* (exposure to asbestos); *Liddell v. SCA Services of Ohio, Inc.* (1994), 70 Ohio St.3d 6, 635 N.E.2d 1233 (exposure to toxic chlorine gas); *Ault v. Jasko* (1994), 70 Ohio St.3d 114, 637 N.E.2d 870 (sexual abuse of children); and *Collins v. Sotka* (wrongful death).

{¶ 16} In *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376, 23 O.O.3d 346, 433 N.E.2d 147, paragraph two of the syllabus, this court held that "[w]hen negligence does not immediately result in damages, a cause of action for damages arising from negligent construction does not accrue until actual injury or damage ensues." In *Sedar v. Knowlton Constr. Co.* (1990), 49 Ohio St.3d 193, 198, 551 N.E.2d 938, 943, overruled on other grounds in *Brennaman v. R.M.I. Co.* (1994), 70 Ohio St.3d 460, 639 N.E.2d 425,[2] the court stated that "for purposes of the four-year statute of limitations set forth in R.C. 2305.09(D), * * * [t]he *Velotta* holding is not a 'discovery rule.'" The court stated further that "construction cases deal with the delayed occurrence of damages, not with the 'discovery' of injury. The *Velotta* decision is concerned solely with accrual of a cause of action for purposes of a statute of limitations, not with discovery of injury or damages which have already occurred." *Id.*

{¶ 17} However, the above holdings in *Sedar v. Knowlton Constr. Co.* have been subsequently overruled by this court. In *NCR Corp. v. U.S. Mineral Products Co.*, this court determined that R.C. 2305.09(D) applies to situations where a party is seeking recovery for injury or damage to real property and that a "discovery rule is appropriate for accrual of such a cause of action." *Id.*, 72 Ohio St.3d at 271, 649 N.E.2d at 176-177. Additionally, the court noted that a discovery rule has been applied in medical malpractice cases and that "the underlying rationale also fits with latent property-damage actions." *Id.*, 72 Ohio St.3d at 271, 649 N.E.2d at 177. Further, a "discovery rule is invoked in situations where the injury complained of may not manifest itself immediately and, therefore, fairness necessitates allowing the assertion of a claim when discovery of the injury occurs beyond the statute of limitations." *Id.*

{¶ 18} As in *NCR Corp. v. U.S. Mineral Products Co.*, we believe that a discovery rule is applicable here. In reaching this conclusion, we are mindful of the underlying rationale for statutes of limitations,[3] and we have also considered the interests and equities involved. Accordingly, we reaffirm that tort actions for injury or damage to real property are subject to the four-year statute of limitations set forth in R.C. 2305.09(D). In addition, we hold that a negligence action against a developer-vendor of real property for damage to the property accrues and the four-year statute of limitations of R.C. 2305.09(D) commences to run when it is first discovered, or through the exercise of reasonable diligence it should

---

2. In *Brennaman v. R.M.I. Co.* (1994), 70 Ohio St.3d 460, 639 N.E.2d 425, paragraph two of the syllabus, we specifically overruled *Sedar v. Knowlton Constr. Co.* (1990), 49 Ohio St.3d 193, 551 N.E.2d 938, and held that "R.C. 2305.131, a statute of repose, violates the right to a remedy guaranteed by Section 16, Article I of the Ohio Constitution, and is, thus, unconstitutional."

3. In *O'Stricker v. Jim Walter Corp.*, 4 Ohio St.3d at 88, 4 OBR at 339, 447 N.E.2d at 731, this court noted that "[t]he rationale underlying statutes of limitations is fourfold: to ensure fairness to defendant; to encourage prompt prosecution of causes of action; to suppress stale and fraudulent claims; and to avoid the inconvenience engendered by delay, specifically the difficulties of proof present in older cases."

have been discovered, that there is damage to the property.

{¶ 19} Here, from the time the Listons moved into the home in 1985, they were aware that standing water existed on the property and that the land did not drain properly. Thus, since the damage occurred at least as early as 1985, the time of the initial *discovery* by a *purchaser* that a problem existed regarding the property, appellees' negligence claims, including their claim that Jackson's negligence created a nuisance thereon, are time-barred. The initial discovery of the problem occurred more than four years before appellees commenced their lawsuit.

{¶ 20} Appellees contend that to deny them the right to pursue their negligence claims against Jackson would violate Section 16, Article I of the Ohio Constitution, which sets forth that "[a]ll courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law." However, under the particular facts of this case, we disagree with appellees' contention. Here, a drainage problem allegedly caused by Jackson was known to the Listons before the sale to appellees. If appellees had been fully informed of the problems they most likely would not have purchased the home or they might have negotiated a price that reflected the problems. Of course, if the Listons had not been aware of the problems associated with the property, and appellees thereafter purchased the home, appellees' negligence claims against Jackson would not have accrued, in accordance with R.C. 2305.09(D), until appellees actually discovered, or through the exercise of reasonable diligence should have discovered, the damage to the property. However, that is not what occurred here.

{¶ 21} Accordingly, summary judgment was properly entered by the trial court in favor of Jackson. Therefore, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., RESNICK, PFEIFER and WALSH, JJ., concur.

LUNDBERG STRATTON, J., concurs in judgment only.

F.E. SWEENEY, J., dissents and would affirm the judgment of the court of appeals.

JAMES E. WALSH, J., of the Twelfth Appellate District, sitting for COOK, J.

5