I concur in all but the disposition of the first, second and third assignments of error. I believe the court correctly directed verdicts on Nicholas DiCello's fraud and negligence claims because those claims were barred by the statute of limitations.
The parties agree that the statute of limitations for fraud or misrepresentation is four years. See R.C. 2305.09(C). As a general principle, a cause of action accrues at the time the wrongful act is committed. Harris v. Liston (1999), 86 Ohio St.3d 203, 205 (citations omitted). The accrual date is when the party discovers or, in the exercise of reasonable care, should have discovered the injury. See Oliver v. Kaiser Community Health Found. (1983), 5 Ohio St.3d 111.
DiCello rested his claims against Michael Shepard and New England Life Insurance Company solely on the proposition that they sold to him millions of dollars of life insurance policies without regard to the tax consequences those life insurance proceeds would cause for estate tax purposes.
DiCello's testimony established that he purchased $14 million of life insurance at an annual cost of nearly one quarter of a million dollars. It is beyond debate that all of the life insurance policies were sold by April 1992, when he met with Shepard and an attorney to review his estate plan. Although DiCello claimed he could not remember any specifics about that meeting, he did agree that the three met to review existing insurance policies and discussed the amount of insurance he carried in relation to his estate plan. In fact, plaintiff identified notes he made at an April 2, 1992 meeting that showed policy numbers and amounts of policies. Taken at face value, these facts show plaintiff knew or should have known by April 1992 that he was overinsured. The action against Shepard is time-barred as plaintiff brought this action on June 7, 1996 more than four years after he admitted knowing the amounts of the policies he purchased.
The majority does not deny this evidence against DiCello, but makes the highly dubious claim that he could not properly evaluate his estate plan until he had the policies in hand. Just why it was so important to have the policies in hand remains obscure. The foundation of DiCello's complaints against Shepard and New England Life centered on him being overinsured. DiCello makes no argument that the printed policies contained details beyond what he knew by April 1992. The important numbers for estate planning purposes were the death benefits, which would be included as taxable assets of his estate. Once those numbers were established, the court could conclude as a matter of law that DiCello's claims arose more than four years before he filed his complaint.
The majority supports its conclusion that DiCello needed the policies in hand by making a vague statement that estate planning matters are beyond the ken of ordinary laymen. Even if I were to accept the majority's premise, that premise has no application here because DiCello is no ordinary layman. He is a multi-millionaire operating a highly successful business. He had the wherewithal to evaluate his estate plan at any time, as demonstrated by the April 1992 estate planning meeting. As if to underscore the matter, DiCello testified that he ignored estate planning advice, admitting that he disregarded Shepard's urging to draft a will or take other estate planning steps because the thought of his own death unnerved him.
In Craggett v. Adell Insurance Agency (1993), 92 Ohio App.3d 443, 454, we stated, [o]nce sufficient indicia of misrepresentation are shown, a party cannot rely on its unawareness or the efforts of the opposition to lull it into a false sense of security to toll the period of limitations. It cannot be convincingly argued that DiCello lacked the ability to appreciate the subtleties of estate planning when he had full knowledge of the insurance policies and knowingly chose to ignore them at the expense of his estate planning.
I respectfully dissent.