JOURNAL ENTRY AND OPINION
Plaintiffs-appellants, Scott and Susan Santora, appeal the decision of the Cuyahoga County Court of Common Pleas that (1) granted summary judgment to defendant-appellee, Pulte Homes of Ohio Corporation (Pulte Homes) on appellants' claims for negligence and (2) granted Pulte Homes' motion in limine limiting the testimony of an anticipated witness for appellants. For the reasons that follow, we affirm.
The record reveals that, sometime in May 1993, appellant Susan Santora contracted with Pulte Homes for the construction of a single-familyhome to be built in Strongsville, Ohio. She and her husband, Scott (collectively referred to as appellants), eventually moved into the completed home in January 1994. Appellants immediately discovered several problems with the construction of their home and, in turn, relayed these problems to the builder. John Molyneaux, the project manager for Pulte Homes, met with appellants in March 1994 at which time appellants detailed the problems they had with their home. Appellants' strongest complaints were that the walls were bowed and uneven, although there were complaints of other defects as well.
Between July 1994 and October 1994, Pulte Homes worked to repair the problems of which appellants complained. The record supports that appellants continued to be dissatisfied with Pulte Homes' attempts to repair their home. In June 1997, Pulte Homes undertook more extensive repairs, which required that appellants move temporarily into a motel at Pulte Homes' expense.
Still unsatisfied, appellants instituted the present action against Pulte Homes on October 5, 1998. In their eight-count complaint, appellants brought claims for breach-of-contract, fraudulent inducement, common-law fraud, negligence, express warranty, gross negligence, unjust enrichment and violations of the Consumers Sales Practices Act (CSPA). Pulte Homes moved for summary judgment on all counts contained in appellants' complaint. In its entry granting summary judgment as to the claims[1] for negligence only, the court stated:
 Next [appellants] contend that the four year statute of limitations for negligence has not expired. The Court does not agree. [Appellants] contends [sic] they were not actually damaged by the negligence of construction until June, 1997 when they were forced to leave their residence. This is not accurate. When in March of 1993[2] [appellants] complained about defective conditions and poor construction of the home, they acknowledged that their home had loss, or damage, or injury brought about by negligence. Accordingly the statute of limitations for negligence ran well before the filing of the October 8, 1998[3] complaint. Accordingly the negligence action is one to which summary judgment must be, and is hereby, granted to [Pulte Homes] and against [appellants].
Just prior to trial, appellants decided to pursue only the claims for common-law fraud, express warranty and those available under the CSPA. Contemporaneously, Pulte Homes moved to exclude the testimony of Eric Engelke, an anticipated witness of appellants on the basis that his identity as a witness was previously undisclosed. The trial court granted this motion to the extent that Engelke's testimony would be limited to the opinions contained in his first expert report thereby excluding testimony that would pertain to any supplemental report prepared by him. At trial, Engelke was never called as a witness although appellants did attempt to proffer Engelke's supplemental report, which the court denied.
At the close of appellants' case-in-chief, Pulte Homes moved for and was granted a directed verdict on each of the three counts that remained for trial. In granting the motion, the court stated:
 *** I think all three of the causes of actions [sic] are failing because of the damages problem. *** So as painful and as disappointing as it is, I have to grant the directed verdict motion as to all three of the causes of action and end this case at this time.
Appellants thereafter instituted the present appeal. Appellants do not assign as error the trial court's decision to direct a verdict as to their claims for common-law fraud, express warranty or for alleged violations under the CSPA. They do, however, challenge the trial court's decision to grant Pulte Homes summary judgment on their negligence claims as well as the court's decision to exclude the supplemental expert report of Eric Engelke.
 I.
Their first assignment of error states:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING DEFENDANT[']S MOTION FOR SUMMARY JUDGMENT AS TO COUNTS IV AND VI.
Succinctly, appellants contend that their claims for negligence were timely in that their cause of action did not accrue until June 1997 when it became necessary for them to vacate their home while repairs were being completed. Pulte Homes, on the other hand, maintains that appellants' negligence claims accrued in March 1994 or at the very latest in July 1994. Appellants' complaint, therefore, instituted in October 1998, was untimely under R.C. 2305.09 and properly subject to summary judgment in its favor.
An action for failure of a builder to perform in a workmanlike manner is a tort sounding negligence and is governed by the four-year statute of limitations found in R.C. 2305.09. Gardens of Bay Landing Condominiums v. Flair Builders, Inc. (1994), 96 Ohio App.3d 353, 358. The Supreme Court of Ohio reaffirmed the application of this statute of limitations in Harris v. Liston (1999), 86 Ohio St.3d 203, wherein the court stated:
 [W]e reaffirm that tort actions for injury or damage to real property are subject to the four-year statute of limitations set forth in R.C. 2305.09(D). In addition, we hold that a negligence action against a developer-vendor of real property for damage to the property accrues and the four-year statute of limitations of R.C. 2305.09(D) commences to run when it is first discovered, or through the exercise of reasonable diligence it should have been discovered, that there is damage to the property.
Id. at 207; see, also, Shaker Courts Condominium Unit Owners Assoc., Inc. v. Indus. Energy Sys., Inc. (Feb. 24, 2000), Cuyahoga App. No. 75378, unreported, 2000 Ohio App. Lexis 673; cf. Velotta v. Leo Petronzio Landscaping, Inc. (1982), 69 Ohio St.2d 376. Consequently, to be actionable at all, appellants had to bring their negligence claims within four years after they discovered, or should have discovered through the exercise of reasonable diligence, that their property had been damaged.
In this case, it is undisputed that appellants discovered numerous problems with the construction of their home shortly after they moved in and, in turn, presented Pulte Homes with a list of these problems in March 1994. Appellants were particularly concerned about the bowing and unevenness of the walls of their home. Despite repairs being done between July 1994 and October 1994, their dissatisfaction did not abate and they continued to complain about the walls, among other things.
Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370, citing Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus; see, also, Civ.R. 56(C). Our review of the appropriateness of summary judgment is de novo. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35.
In this case, reasonable minds can only conclude that appellants knew in March 1994 of the problems associated with the construction of their home. It was, therefore, incumbent upon them to bring their cause of action for negligence no later than March 1998. Their failure to do so bars them from instituting any claims for negligence brought after that time.
Appellants' first assignment of error is not well taken and is overruled.
 II.
Appellants' second assignment of error states:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING DEFENDANT MOTION IN LIMINE WHEREBY LIMITING TESTIMONY RELEVANT TO THE ESTABLISHMENT OF DAMAGES.
Appellants contend that the trial court erred in granting Pulte Homes' motion in limine limiting the testimony of Eric Engelke thereby jeopardizing their ability to prove their damages and survive a motion for a directed verdict. Pulte Homes, on the other hand, maintains that appellants have waived this error since they did not renew their objection at trial, did not call Engelke as a witness nor properly proffer his anticipated testimony.
A trial court's order granting a motion in limine that seeks to exclude or restrict evidence on a particular issue does not determine the admissibility of that evidence. To the contrary, it is a preliminary order precluding questions being asked on that issue until the court can determine from the totality of the circumstances whether the evidence is admissible. State v. Grubb (1986), 28 Ohio St.3d 199, 201 citing Palmer, Ohio Rules of Evidence Rules Manual (1984), at 446. Such an order is a tentative, interlocutory, precautionary ruling by the trial court reflecting the court's anticipatory treatment of an evidentiary issue. Grubb, 28 Ohio St.3d at 201-202. Unless the exclusion of evidence affects a substantial right and the substance of the excluded evidence is apparent from the context of questioning by counsel, the granting of a motion in limine in and of itself does not preserve any error for purposes of appeal. Id. at 202. It is therefore necessary for the party who has been temporarily restricted from introducing evidence by virtue of a motion in limine to seek the introduction of the evidence by proffer or otherwise in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal. Id. at paragraph two of the syllabus; see, also, Garrett v. Sandusky (1994), 68 Ohio St.3d 139, 141.
After a careful review of the trial transcript, we find that appellants failed to properly preserve any error for appeal. Appellants did not call Engelke as a witness at trial. Having made no attempt to elicit testimony that was the subject of the motion in limine, and the substance of such evidence not being apparent from the context of counsel's questions, no error has been preserved for appeal. McConnell v. Hunt Sports Ent. (1999), 132 Ohio App.3d 657, 686. It is true that appellants did attempt to proffer the supplemental report of Engelke. A proffer of evidence of one who has not been called as a witness, however, does not obviate the requirements necessary to preserve an issue as error on appeal.
Appellants' second assignment of error is not well taken and is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE;
KENNETH A. ROCCO, J. and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] The trial court's original entry only references a single claim for negligence while appellants' complaint contained two such claims. In an entry journalized March 2, 2000, the court corrected its error and insured that the grant of summary judgment was against both claims for negligence.
[2] The year stated is incorrect. The court most likely meant to reference March of 1994 instead of March of 1993.
[3] The complaint was actually filed on October 5, 1998.