JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Ara Asadorian, Executor of the Estate of Alice Asadorian ("Asadorian"), appeals the trial court's granting of summary judgment in favor of defendant-appellee, John Demirjian.[1]
Finding merit to the appeal, we reverse and remand.
 {¶ 2} In 1994, Asadorian's late husband, Paul, lent their cousin, Demirjian, approximately $47,000 to buy property in California. Demirjian agreed to repay the two loans with interest and to secure the loans by giving the Asadorians an ownership interest in the property. Demirjian never recorded the promised ownership interest and never repaid the loans. In 2006, Asadorian sued Demirjian, alleging breach of contract and fraud. Demirjian moved for summary judgment, arguing that the statute of limitations had expired. The trial court granted the motion, finding no genuine issues of material fact.
 {¶ 3} Asadorian appeals, arguing in her two assignments of error that the trial court erred in granting summary judgment.
 {¶ 4} In her first assignment of error, Asadorian argues that the trial court erred when it applied the six-year statute of limitations to bar her claim for breach of contract. *Page 3 
 {¶ 5} The sole issue as to the statute of limitations is whether the parties had a written contract or an oral contract. Asadorian attached two letters to her complaint, which Demirjian sent to Paul in 1994, outlining the terms of the loans and repayment. Demirjian argues that the contracts were oral, and he maintains that the letters he wrote cannot convert the oral agreements into written contracts. He relies on several cases which are easily distinguished because they did not involve written contracts.
 {¶ 6} Written contacts are governed by a fifteen-year statute of limitations pursuant to R.C. 2305.06. Oral contracts are governed by a six-year statute of limitations as set forth in R.C. 2305.07.
 {¶ 7} In First National Securities Corp. v. Hott (1954),162 Ohio St. 258, 262, 122 N.E.2d 777, the Ohio Supreme Court stated,"[u]nder no statute does a written memorandum which merely evidences an oral contract convert such oral contract into a contract in writing." The parties in First National Securities, however, did not dispute that their agreement was an oral contract. The supreme court noted that "the action [was] not based upon the memorandum as a contract in writing or as a written promise to pay." First National Securities, at 261. The supreme court specifically stated:
 "If the action were one to enforce the memorandum as a written promise to pay money, an entirely different question would be presented-one which is not before us and as to which we express no opinion." *Page 4 
Id. at 262.
 {¶ 8} This court in Source Technology, Inc. v. Turmatic Sys.,Inc., Cuyahoga App. No. 82276, 2003-Ohio-4350, reviewed an oral contract which involved a letter that clearly stated, "This letter is in regards to confirming our conversation of representation * * *." We specifically found, however, that the letter did not set forth all the agreed upon terms, but was merely a written confirmation that an agreement of representation had been entered into. Id.
 {¶ 9} In Weaver Sheet Metal Co. v. Akron Insulating Co. (Jan. 3, 1996), Summit App. No. 17312, the court found that the writing identified the two parties to the agreement, the date of the writing, the nature of the work to be performed, the price to be paid, and when payment was to be made. Thus, the court held, all the essential terms of the agreement were included in the instrument. Id. The court also considered that the writing was signed by and on behalf of the defendant and that the plaintiff had accepted and acted on the agreement since it paid for the work according to the terms of the contract.
 {¶ 10} Likewise, in the instant case, the letters which Demirjian signed and sent to Paul were dated, identified the parties, the amounts of the loans, the repayment plan, and the ownership interest Paul would receive. Paul manifested his assent in the very manner Demirjian requested because he loaned the money to Demirjian without calling to say he disagreed, as the last *Page 5 
sentence of Demirjian's letter requested. Although not specifically pled in her complaint as a breach of a written contract, Asadorian attached the letters to her complaint as required for an action on a contract or written account, and she replied in her response to Demirjian's motion for summary judgment that the contracts were written, not oral.
 {¶ 11} Therefore, the trial court erred in applying a six-year statute of limitations for an oral contract and granting summary judgment on the breach of contract claim.
 {¶ 12} The first assignment of error is sustained.
 {¶ 13} In the second assignment of error Asadorian argues that the trial court erred when it granted summary judgment on the fraud claim.
 {¶ 14} The statute of limitations for fraud is four years pursuant to R.C. 2305.09. The discovery rule, R.C. 2305.09(D), applies when strict application of the general rule can lead to an unjust result. Harris v.Liston, 86 Ohio St.3d 203, 206, 1999-Ohio-159, 714 N.E.2d 377. This statute tolls the statute of limitations until the discovery of the negligence. The statute of limitations commences to run when first discovered or through the exercise of reasonable diligence it should have been discovered. Id. at 207.
 {¶ 15} Asadorian's fraud claim is based upon Demirjian's representations that he would secure the Asadorian loans through real estate. Demirjian *Page 6 
testified at his deposition that he told Paul in 1996 that he had sold the subject property and was not using the proceeds of the sale to repay the loans. Thus, at that time, Demirjian argues, Paul should have been able to discover that Demirjian never secured their ownership interest.
 {¶ 16} Asadorian testified at her deposition that she had no knowledge of Demirjian's conversation with her late husband and she did not discover the fraud until 2004. She pointed to emails from Demirjian in which he never informed her about the alleged 1996 conversation or that he had already sold the property. Demirjian maintains that the evidence regarding his conversation with Paul is undisputed. Asadorian testified at her deposition that if her husband had such a conversation with Demirjian, she would have known about it.
 {¶ 17} Thus, the issue is whether this alleged conversation raises a genuine issue of material fact regarding when the discovery of the fraud occurred. We find that there clearly remains a genuine issue of material fact regarding the date of discovery. Therefore, summary judgment is not appropriate on the fraud claim.
 {¶ 18} The second assignment of error is sustained.
 {¶ 19} Accordingly, judgment is reversed and the case is remanded to the lower court for further proceedings consistent with this opinion. *Page 7 
It is ordered that appellant recover of said appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY J. BOYLE, J., CONCURS;
ANTHONY O. CALABRESE, JR., J., DISSENTS
[1] Alice Asadorian died during the pendency of the within appeal. We will refer to her rather than the Executor or the Estate since she participated in the underlying action in the trial court.