[Cite as *McNabb v. Ottawa Cty. Commrs.*, 2019-Ohio-1487.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

Dan McNabb, et al.

     Appellants/Cross-Appellees

v.

Ottawa County Commissioners, et al.

     Appellees/Cross-Appellants

Court of Appeals No.   OT-17-036
                     OT-18-024

Trial Court No. 17CV155

**DECISION AND JUDGMENT**

Decided:  April 19, 2019

* * * * *

Kevin J. Zeiher and Zachary E. Dusza, for appellants/cross-appellees.

James F. Lang and Alexandra R. Forkosh, for appellee/cross-appellants.

* * * * *

**SINGER, J.**

{¶ 1} This consolidated appeal is before the court on the consolidated appeals of

appellants, Dan McNabb and Kelly McNabb, from the September 13 and December 4,

2017 judgments of the Ottawa County Court of Common Pleas, and the appeal of

appellees/cross-appellants, Joseph Hoffman and Nancy Nemec ("appellees"), from the trial court's June 22, 2018 judgment. For the reasons that follow, we reverse, in part, and affirm, in part, the September 13, 2017 judgment, and find the assignments of error regarding the December 4, 2017 and June 22, 2018 judgments are moot.

### Appellants' Assignments of Error

**{¶ 2}** The trial court committed reversible error when it granted Defendants' Hoffman and Nemec Motion to Dismiss.

**{¶ 3}** The trial court committed reversible error when it denied Plaintiffs' Motion to File Second Amended Complaint.

### Appellees' Assignment of Error

**{¶ 4}** The trial court erred in denying the "Motion of Defendants Hoffman and Nemec for Frivolous Conduct Sanctions" because it ignored the statutory test in R.C. 2323.51 for frivolous conduct and applied an incorrect legal standard of "subjective willfulness."

### Background Facts and Procedural History

**{¶ 5}** This case emanates from a dispute over littoral rights between appellants and appellees, owners of adjacent property located on the shore of Lake Erie. "Littoral rights are those ownership rights of a property owner whose land abuts a lake to the use and enjoyment of the waters of and the land underlying the lake." *Lemley v. Stevenson*, 104 Ohio App.3d 126, 133, 661 N.E.2d 237 (6th Dist.1995). "With regard to Lake Erie, an owner of shoreline or 'upland' property has limited littoral rights as dictated by the 'public trust' doctrine." *Id.* "[T]he title of land under the waters of Lake Erie within the

2.

limits of the state of Ohio [is] in the state which holds the land in trust for the benefit of the public." *Id.*, citing *State v. Cleveland & Pittsburgh Railroad Co.*, 94 Ohio St. 61, 113 N.E. 677 (1916), paragraph three of the syllabus. "The littoral owner is entitled to access navigable water on the front of which his land lies, and, subject to regulation and control by the federal and state governments, has, for purposes of navigation, the right to wharf out to navigable water." *Cleveland & Pittsburgh Railroad Co.* at paragraph four of the syllabus. "This so-called 'public trust' doctrine was later codified." *Lemley* at 133. *See* R.C. 1506.10 ("[T]he waters of Lake Erie consisting of the territory within the boundaries of the state * * * together with the soil beneath and their contents, do now belong and have always, since the organization of the state of Ohio, belonged to the state.").

{¶ 6} On May 8, 2017, appellants filed their complaint for declaratory judgment against the Ottawa County Commissioners ("Commissioners"), Ohio Department of Natural Resources ("ODNR"), appellees' predecessor ("the predecessor") and appellees.

{¶ 7} The Commissioners filed an answer to the complaint. ODNR and appellees filed motions to dismiss the complaint for failing to state a claim. ODNR and appellees argued there was no legal basis for appellants' claims because the Ohio Revised Code sections upon which appellants relied, R.C. 123.03 and 123.031 et seq., had been repealed in 1989. ODNR also asserted appellants lacked standing. In addition, appellees argued appellants' claims were barred by the applicable statute of limitations. Appellants then sought and were granted permission to file an amended complaint.

3.

**{¶ 8}** On June 23, 2017, appellants filed their amended complaint for declaratory judgment against the same parties named in their original complaint.[1] In their amended complaint, appellants set forth four causes action: declaratory relief; damage to real property; trespass; and, replevin.

**{¶ 9}** In the amended complaint, appellants alleged, inter alia, the following as background facts: the Commissioners and ODNR were "subject to the guidelines of R.C. 1501.01, 1504.02, 1506.10, 1506.11 and rules promulgated under Chapter 119, Ohio Revised Code and authorized by Section 1506.02 Ohio Revised Code"; the Commissioners adopted Resolution No. 97-55 ("the resolution"), in August of 1997, "which approved the use of submerged lands [of Lake Erie] for [the predecessor's] property located [in] Danbury Township, Ottawa County, Ohio, which grant extended beyond [the predecessor's] property lines into the submerged lands of [appellants]"; in November of 1997, the ODNR issued a 50-year Submerged Lands Lease ("the lease") to the predecessor for a private docking basin; in January 2003, the predecessor assigned the lease to appellees; appellees applied to the Department of the Army ("Army") in August 2015, for a permit to reduce the size of an existing groin[2] extending into Sandusky Bay of Lake Erie.

---

[1]According to the trial court docket, service of the original complaint and the amended complaint was never perfected as to the predecessor.

[2]"A groin is 'a rigid structure built out from a shore to protect the shore from erosion, to trap sand, or to direct a current * * *.' Merriam-Webster's Collegiate Dictionary (10 Ed.1996) 513-514." *Hack v. Sand Beach Conservancy Dist.*, 176 Ohio App.3d 309, 2008-Ohio-1858, 891 N.E.2d 1228, ¶ 3 (6th Dist.).

4.

{¶ 10} In the first cause of action, appellants alleged and sought a declaration that the Commissioners' approval of the resolution, ODNR's grant of the lease, the assignment of the lease and appellees' application for a permit from the Army were "void ab initio for the failure to provide public notice and to hold a public hearing for the original application for a submerged land lease" which violated appellants' due process rights.

{¶ 11} In the second cause of action, for damage to real property, appellants alleged that on May 28, 2015, appellees began excavating the groin including property owned by appellants, and removed rocks, dirt and debris, which violated the grant from the Army and increased erosion to appellants' land. In the third cause of action, for trespass, appellants alleged that on or after May 28, 2015, appellees invaded land owned by appellants without privilege. In the fourth cause of action, for replevin, appellants alleged that on or after May 28, 2015, appellees wrongfully acquired and removed rocks, dirt and debris from appellants' land without privilege, resulting in a continuing trespass and an ongoing insult to appellants' real property.

{¶ 12} The Commissioners filed an answer to the amended complaint. In their answer, the Commissioners maintained they complied with their responsibilities under the law, including R.C. 1506.11, which did not require them to provide notice prior to adopting the resolution, and they denied their actions in passing the resolution were void ab initio.

{¶ 13} ODNR and appellees filed motions to dismiss the amended complaint for failing to state a claim. ODNR and appellees argued, inter alia, appellants' claims were

5.

barred by the applicable six-year statute of limitations pursuant to R.C. 2305.07. Appellees requested appellants' amended complaint be dismissed with prejudice.

{¶ 14} On September 13, 2017, the trial court issued an order with respect to appellees and ODNR's motions to dismiss. For its analysis, the court set forth "Plaintiff's [sic] claims are based upon actions that occurred in 1997 and 2003, thus are barred by any applicable statute of limitation [sic]." The court ruled "[i]t is therefore ORDERED * * * that [appellees] and * * * ODNR's Motion [sic] to Dismiss is [sic] GRANTED."

{¶ 15} On September 21, 2017, the Commissioners filed a motion for clarification or dismissal. It was the Commissioners' position that the court, in granting appellees and ODNR's motions to dismiss, dismissed the case in its entirety. In the alternative, the Commissioners moved, pursuant to Civ.R. 12(B)(6), to have the amended complaint dismissed as to the Commissioners "utilizing the same reasoning as found in the Order regarding the other Defendants. Specifically, the Plaintiffs' claims against [the Commissioners] are also based upon actions that occurred in 1997 and are barred by applicable statute of limitation. [sic]"

{¶ 16} On September 22, 2017, appellants filed a motion to file a second amended complaint for damages only against appellees. In the motion, appellants set forth "[t]he Court has granted [appellees] and * * * ODNR's Motion to Dismiss * * * [but] [w]hat was and is not clear is if the Court intended to dismiss Counts Two, Three and Four * * * or merely Count One." Appellants acknowledged count one was "dismissed based upon the clear language of this Court's Opinion," but stated counts two, three and four of the

6.

amended complaint "exist separate and apart from the claims for Declaratory Judgment asserted in Count One."

{¶ 17} On December 4, 2017, the trial court issued an order finding "[u]pon due consideration, * * * the previous Motion to Dismiss dismissed as to all Defendants, including the * * * Commissioners."[3] The court further stated "[i]t is therefore ORDERED * * * that the Motion to File Second Amended Complaint is DENIED."

{¶ 18} On December 29, 2017, appellees filed a motion for sanctions, pursuant to Civ.R. 11 and R.C. 2323.51, for appellants' frivolous claims. A hearing was held. On June 22, 2018, the court found appellants' actions were not willful, malicious or in bad faith, and the court denied appellees' motion for sanctions. Appeals were filed.

**Appellants' First Assignment of Error**

{¶ 19} Appellants contend the trial court committed reversible error when it granted appellees' motion to dismiss.

{¶ 20} In their motion to dismiss the amended complaint, appellees argued all of appellants' causes of action were barred by the six-year statute of limitations set forth in R.C. 2305.09. Appellees asserted appellants' causes of action arose from the Commissioners and ODNR's alleged failures, in 1997, to comply with sections of the

---

[3]This finding was incorrect as the Commissioners had not filed a motion to dismiss prior to the court's September 13, 2017 order granting appellees and ODNR's motions to dismiss. Moreover, the Commissioners' September 21, 2017 motion to dismiss pursuant to Civ.R. 12(B)(6) should have been considered as a Civ.R. 12(C) motion for judgment on the pleadings, because the motion was filed after the close of the pleadings. However, since appellants have not assigned as error the trial court's ruling with respect to the Commissioners' motion, it is not necessary to address these issues further.

7.

Ohio Revised Code, when the Commissioners approved of the resolution and ODNR issued the lease. Appellees also asserted appellants' causes of action arose in 2003, when the lease was assigned to appellees. In addition, appellees argued the Commissioners and ODNR did not violate R.C. 1501.01, 1504.02, 1506.10 or 1506.11. Appellees observed pursuant to R.C. 1506.11(D), upland owners who erected structures in the submerged waters in front of the uplands prior to October 13, 1955, "shall be granted a lease or permit by the state" upon the presentation of a resolution of the Commissioners. Appellees note no notice or hearing is required under R.C. 1506.11(D).

**Standard of Review**

{¶ 21} The standard of review on a Civ.R. 12(B) motion to dismiss is de novo. *Greeley v. Miami Valley Maintenance Contractors Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey County Bd. of Commissioners*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Perrysburg Twp. v. City of Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. In order for a complaint to be dismissed pursuant to Civ.R. 12(B)(6), it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. *York v. Ohio State Highway Patrol*, 60 Ohio St.3d 143, 144, 573 N.E.2d 1063 (1991).

8.

**Appellants' First Cause of Action**

{¶ 22} In the amended complaint, appellants alleged and sought a declaration that the Commissioners' approval of the resolution, ODNR's grant of the lease, the assignment of the lease and appellees' application for a permit from the Army were all "void ab initio for the failure to provide public notice and to hold a public hearing for the original application for a submerged land lease" which violated appellants' due process rights.

{¶ 23} Accepting all of the factual allegations of the amended complaint as true and drawing all reasonable inferences in favor of appellants, we find appellants failed to state a claim upon which relief could be granted in their first cause of action. As pled, and under the facts of this case, none of the statutes alleged in the first cause of action required notice or a hearing prior to the issuance of a submerged land lease. Since appellants alleged the Commissioners' approval of the resolution, ODNR's grant of the lease, the assignment of the lease and appellees' application for a permit from the Army were void for failing to provide notice and a hearing, but no notice and hearing were necessary, appellants failed to state a claim upon which relief could be granted.

{¶ 24} Although the trial court determined appellants failed to state a claim in their first cause of action because the claim was barred by the applicable statute of limitations, we affirm the holding. "[W]hen a trial court states an erroneous basis for its judgment, we must nevertheless affirm such judgment if it is legally correct on other grounds, that is, it achieves the right result for the wrong reason, because such an error was not prejudicial." *Bowling Transp. v. Gregg*, 6th Dist. Sandusky No. S-96-007, 1997

9.

Ohio App. LEXIS 168, *9 (Jan. 24, 1997). Accordingly, appellants' first assignment of error with respect to the first cause of action in the amended complaint is not well-taken.

## Appellants' Second, Third and Fourth Causes of Action

{¶ 25} In the amended complaint, appellants alleged damage to real property, trespass and replevin by and against appellees.

{¶ 26} In the second cause of action, damage to real property, appellants alleged that appellees, in 2015, began excavating the groin and removed rocks, dirt and debris, which violated the grant from the Army and "increased the erosion to the upland owners, [appellants]." Appellants further alleged appellees' actions "damaged the real property owned by [appellants], exposing it to unwarranted erosion and ongoing erosion."

{¶ 27} In the third cause of action, trespass, appellants alleged appellees "invaded the land owned by the [appellants] without any privilege to do so resulting in a trespass."

{¶ 28} In the fourth cause of action, replevin, appellants alleged appellees "wrongfully acquired and removed rocks, dirt and debris from the lands of the [appellants] without privilege." Appellants further alleged appellees' actions "resulted in a continuing trespass and an ongoing insult to the [appellants'] real property."

## Damage to Real Property

{¶ 29} A cause of action for damage to real property is an action sounding in tort. See Kocisko v. Charles Shutrump & Sons Co., 21 Ohio St.3d 98, 99, 488 N.E.2d 171(1986); *Harris v. Liston*, 86 Ohio St.3d 203, 714 N.E.2d 377 (1999), paragraph one of the syllabus. In a negligence action, a plaintiff must generally prove the defendant owed

10.

plaintiff a duty, the duty was breached, and the breach was the proximate cause of plaintiff's damages. *See Jeffers v. Olexo*, 43 Ohio St.3d 140, 142, 539 N.E.2d 614 (1989).

## Trespass

{¶ 30} To state a cause of action in trespass, the property owner must prove two elements: an unauthorized, intentional act by the defendant, and an intrusion by defendant which interferes with the property owner's right of exclusive possession of the property. *See Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 716, 622 N.E.2d 1153 (4th Dist.1993); *Bayes v. Toledo Edison Co.*, 6th Dist. Lucas Nos. L-03-1177, L-03-1194, 2004-Ohio-5752, ¶ 59.

{¶ 31} There are several types of trespass, including ordinary trespass, permanent trespass and continuing trespass. *See Hartland v. McCullough Constr.*, 6th Dist. Ottawa No. OT-99-058, 2000 Ohio App. LEXIS 3126, *12-14 (July 14, 2000), citing *Valley Ry. Co. v. Franz*, 43 Ohio St. 623, 4 N.E. 88 (1885). An ordinary trespass occurs "'[w]hen a man commits an act of trespass upon another's land, and thereby injures such other at once and to the full extent that such act will ever injure him.'" *Hartland* at *12, quoting *Valley Ry.* at 625. A permanent trespass happens when the defendant's allegedly tortious act has been fully accomplished. *Sexton v. City of Mason*, 117 Ohio St.3d 275, 2008-Ohio-858, 883 N.E.2d 1013, ¶ 45. A continuing trespass occurs when there is some continuing or ongoing allegedly tortious activity or retention of control attributable to the defendant. *Id.* In other words, a trespass is continuing only if the trespass itself is continuing, as opposed to the harm caused by a past trespass. *Id.* at ¶ 41.

11.

## Replevin

**{¶ 32}** Replevin is defined as:

> * * * a remedy and a civil action by which the owner or one who has a general or special interest in specific and identifiable personal property and the right to its immediate possession seeks to recover the possession of such property in specie, the recovery of damages, if it is sought, being only incidental." (Citations omitted.) Gates v. Praul, 10th Dist. Franklin No. 10AP-784, 2011-Ohio-6230, ¶ 33.

## Analysis

**{¶ 33}** Accepting all of the factual allegations of the amended complaint as true and drawing all reasonable inferences in favor of appellants, we find appellants have stated claims upon which relief could be granted in their second, third and fourth causes of action. While these causes of action may not be artfully pled, appellants have stated claims for relief based on appellees' excavation of the groin which caused erosion, invasion, insult and damage to appellants' shoreline property.

**{¶ 34}** We recognize that appellants have also alleged, in these three causes of action, some property ownership in the groin. As set forth previously, the waters of Lake Erie, together with the soil beneath and their contents, belong to the state of Ohio. *See* R.C. 1506.10. Therefore, appellants have no property ownership in the groin. To the extent appellants have alleged any damages arising out of a claim of ownership in the groin, those portions of the causes of action fail to state a claim upon which relief can be granted.

12.

{¶ 35} As to the issue of the statute of limitations, upon review, appellants' allegations against appellees in the second, third and fourth causes of action are based on appellees' conduct on or after May 28, 2015. The applicable statute of limitations for these causes of action is set forth in R.C. 2305.09, which provides:

> Except as provided for in division (C) of this section, an action for any of the following causes shall be brought within four years after the cause thereof accrued:
>
> (A) For trespassing upon real property;
>
> (B) For the recovery of personal property, or for taking or detaining it;
>
> * * *
>
> (D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 1304.35, 2305.10 to 2305.12, and 2305.14 of the Revised Code;
>
> (E) For relief on the grounds of a physical or regulatory taking of real property.

{¶ 36} In *Harris v. Liston*, 86 Ohio St.3d 203, 714 N.E.2d 377 (1999), paragraphs one and two of the syllabus, the Supreme Court of Ohio adopted the discovery rule for tort actions alleging injury or damage to real property such that the four-year statute of limitations, set forth in R.C. 2305.09(D), commences when it is discovered or reasonably should have been discovered that there is damage to the property. Moreover, in construing the statute of limitations for trespass actions, set forth in R.C. 2305.09(A), the

13.

Supreme Court of Ohio held that if a trespass is continuing rather than a single completed act, the limitations period is tolled. *Sexton*, 117 Ohio St.3d 275, 2008-Ohio-858, 883 N.E.2d 1013, at ¶ 30-33.

{¶ 37} Here, appellants alleged in the amended complaint that their second, third and fourth causes of action are based on appellees' conduct on or after May 28, 2015. A review of the record shows appellants filed their original complaint on May 8, 2017, and their amended complaint on June 23, 2017, well within the four-year period of the statute of limitations. Further, to the extent appellants have alleged a continuing trespass, the limitations period may be tolled. Therefore, appellants' causes of action against appellees for damage to real property, trespass and replevin are not barred by the statute of limitations.

{¶ 38} In light of the foregoing, appellants' first assignment of error, with respect to the second, third and fourth causes of action in the amended complaint, is well-taken, in part.

**Appellants' Second Assignment of Error**

{¶ 39} Appellants assert the trial court erred in denying their motion to file a second amended complaint for damages against appellees only. Appellants contend they filed their motion after the trial court, "ignoring the facts in Appellants' pleadings and erroneously relying upon Appellees' defense that Appellants' claims were barred by statute of limitations," granted appellees' motion to dismiss. Appellants note the court, without any reasoning or explanation, denied their motion to file a second amended

14.

complaint. Appellants submit their request to amend was supported with a tendered copy of the second amended complaint.

{¶ 40} A review of appellants' motion to file a second amended complaint reveals that appellants were somewhat confused by the trial court's September 13, 2017 order, as appellants were uncertain if the court intended to dismiss their claims against appellees (counts two, three and four). Thus, appellants sought to emphasize that these claims "exist separate and apart from the claims for Declaratory Judgment asserted in Count One." A review of the tendered second amended complaint[4] shows appellants did not seek to allege any new matters. Rather, it appears appellants simply wanted to refine their complaint to reflect the trial court's clear dismissal of the first count.

{¶ 41} In light of our treatment of appellants' first assignment of error, appellants' second assignment of error is moot. It is therefore unnecessary to determine whether the trial court erred in denying appellant's motion to file a second amended complaint. *See* App.R. 12(A)(1)(c).

### Appellees' Assignment of Error

{¶ 42} Turning to appellees' assignment of error, based on our resolution of appellants' first assignment of error, it is unnecessary to address appellees' assigned error, as it is rendered moot. *See* App.R. 12(A)(1)(c).

---

[4]We note the docket indicates a proposed second amended complaint was submitted on September 26, 2017, yet this document is not included in the record of the case. Nevertheless, we were able to review a copy of the tendered second amended complaint, as it was attached to appellants' appellate brief.

15.

**Conclusion**

{¶ 43} The September 13, 2017 judgment of the Ottawa County Court of Common Pleas is affirmed, in part, and reversed, in part, and the case is remanded for further proceedings consistent with this opinion.  Appellants and appellees are ordered to split the costs of this appeal pursuant to App.R. 24.

Judgment affirmed, in part, and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.